UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HOWARD SMALLWOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-00404-JPH-DML |
| ) | |
| OFFICER WILLIAMS, ) | |
| LUNSFORD, ) | |
| CONLON, ) | |
| MS. HAMMOND, ) | |
| DAUGHERTY, ) | |
| PAUL TALBOT, ) | |
| WEXFORD OF INDIANA LLC, ) | |
| ) | |
| Defendants. ) | |

**ENTRY DISMISSING AMENDED COMPLAINT AND DIRECTING PLAINTIFF TO SHOW CAUSE**

Plaintiff Howard Smallwood, an inmate at Pendleton Correctional Facility alleges that his Eighth and Fourteenth Amendment rights were violated in October of 2017.

**I. Screening Standard**

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when

1

> the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Amended Complaint

Mr. Smallwood alleges that on October 22, 2017, he was found unresponsive in J cell house. He was incorrectly assumed to have ingested drugs. He names five individual correctional officers and Dr. Talbot as defendants, along with Wexford of Indiana, LLC. Mr. Smallwood alleges that the defendants denied him the right to refuse medical care when he was physically forced to submit to a blood draw on October 22, 2017, at a hospital. The force used to gain Mr. Smallwood's compliance was allegedly excessive. Later that same day, after he was returned to the prison, Mr. Smallwood alleges that the defendant correctional officers sexually assaulted him. Dkt. 15 at p. 3. On October 23, 2017, Dr. Talbot allegedly failed to treat the pain caused by the defendant correctional officers the prior day.

## III. Dismissal of Action

The complaint is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Suits under § 1983 use the statute of limitations and tolling rules that states employ for personal-injury claims. In Indiana, the applicable statute of limitations period is two years. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); Ind. Code § 34–11–2–4.

"While state law determines the length of the limitations period, federal law determines the date of accrual of the cause of action. For § 1983 purposes, a claim accrues when the plaintiff knows or should know that his or her constitutional rights have been violated. To determine when the claim accrues, a court must first identify the plaintiff's injury and then determine when the plaintiff could have sued for that injury." *Logan v. Wilkins*, 644 F.3d 577, 581–82 (7th Cir. 2011) (internal quotations and citation omitted). In this case the injury is the use of excessive force, sexual abuse, and a forced blood draw that occurred on October 22, 2017. This was followed by the denial of medical care on October 23, 2017.

The original complaint was signed on January 30, 2020. This is nearly 3 months after the expiration of Indiana's 2-year statute of limitations, with Mr. Smallwood's claims having accrued by no later than October 2017, when he was allegedly injured by the defendants. Mr. Smallwood does assert that he has not received adequate medical care since October 2017, but there are no factual allegations against any individual defendant suggesting that he was involved in the denial of necessary medical care since January 30, 2018.

Although untimeliness is an affirmative defense, a complaint can be dismissed by the Court *sua sponte* if "the existence of a valid affirmative defense is so plain from the fact of the complaint that the suit can be regarded as frivolous." *Muhammad–Ali v. Final Call, Inc.* 832 F.3d 755, 763 (7th Cir. 2016) (quoting *Walker v. Thompson*, 288 F.3d 1005, 1009–10 (7th Cir. 2002)); *see also Koch v. Gregory*, 536 F. App'x 659 (7th Cir. 2013) (stating that when the language of the complaint plainly shows that the statute of limitations bars the suit, dismissal under § 1915A is appropriate); *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012).[1]

---

[1] Mr. Smallwood previously filed a nearly identical timely lawsuit identified as *Smallwood v. Williams, et al.,* 1:18-cv-1506-RLY-MPB (filed May 16, 2018). This lawsuit named all of the

For these reasons, the complaint is dismissed because it is barred by the applicable statute of limitations.

### IV. Opportunity to Show Cause or File an Amended Complaint

Mr. Smallwood shall have **through May 29, 2020**, in which to show cause why this action should not be dismissed because each of the claims alleged is barred by the applicable statute of limitations or to file an amended complaint that sets forth factual allegations against the named defendants that occurred within two years of the date this action was filed. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013); *Jennings v. City of Indianapolis*, 637 F. App'x 954, 954–955 (7th Cir. 2016) ("In keeping with this court's advice in cases such as *Luevano* . . . , the court gave Jennings 14 days in which to show cause why the case should not be dismissed on that basis.").

**SO ORDERED.**

Date: 5/7/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

HOWARD SMALLWOOD
900079
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

---

same individual defendants and is based on events that occurred October 22, 2017. Mr. Smallwood voluntarily dismissed that lawsuit on October 31, 2018.