UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HOWARD SMALLWOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-00404-JPH-DML |
| ) | |
| DON WILLIAMS, Lt. ) | |
| BOYD LUNSFORD, Sgt. ) | |
| CORY CONLON, Lt. ) | |
| ERICK HAMMOND, ) | |
| ROBERT DAUGHERTY, ) | |
| PAUL TALBOT, Dr. ) | |
| ) | |
| Defendants. ) | |

**Entry Screening Amended Complaint and Directing Further Proceedings**

Plaintiff Howard Smallwood, an inmate at Pendleton Correctional Facility, filed this civil action on January 30, 2020. Dkt. 1. He alleges that his Eighth and Fourteenth Amendment rights were violated in October of 2017. The Entry of May 7, 2020, explained why the claims alleged in the complaint appear to be barred by the statute of limitations and gave plaintiff Howard Smallwood a period of time in which to show cause why this action should not be dismissed pursuant to 28 U.S.C. § 1915A.

In response, Mr. Smallwood filed a motion requesting to proceed with this action. The motion to proceed, dkt [18], is **granted.** Despite filing a nearly identical timely lawsuit identified as *Smallwood v. Williams*, et al., 1:18-cv-1506-RLY-MPB (filed May 16, 2018) that was voluntarily dismissed, Mr. Smallwood states that when he tried to file this case on October 17, 2019, he was unable to access the law library. He states that he was denied library access from October 2019, through the end of that year. Mr. Smallwood's response includes facts outside the

1

pleadings such that dismissal based on the statute of limitations pursuant to § 1915A is inappropriate. The defendants may raise this defense and any other in their Answer to the amended complaint.

## I. Screening Standard

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Amended Complaint

Mr. Smallwood alleges that on October 22, 2017, he was found unresponsive in J cell house. He was incorrectly assumed to have ingested drugs. He names five individual correctional officers and Dr. Talbot as defendants. Mr. Smallwood alleges that the defendants denied him the right to refuse medical care when he was physically forced to submit to a blood draw on October 22, 2017, at a hospital. The force used to gain Mr. Smallwood's compliance was allegedly excessive. Later that same day, after he was returned to the prison, Mr. Smallwood alleges that the

defendant correctional officers sexually assaulted him. Dkt. 15 at p. 3. On October 23, 2017, Dr. Talbot allegedly failed to treat the pain caused by the defendant correctional officers the prior day.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, the following claims shall proceed in this action:

- Due process claims against each defendant for denying the plaintiff the right to refuse medical treatment.

- Eighth Amendment claims against Lt. Williams, Sgt. Lunsford, Lt. Conlon, Officer Hammond, and Officer Daugherty concerning both the excessive force used against him before and during the blood draw and for sexually assaulting the plaintiff upon returning him to his cell.

- Eighth Amendment medical claims against Dr. Talbot for failing to adequately treat the plaintiff's injuries sustained due to the alleged excessive force.

This summary of remaining claims includes all of the viable claims identified by the Court. If the plaintiff believes that additional claims were alleged in the Complaint, but not identified by the Court, he shall have **through October 6, 2020,** in which to identify those claims.

The amended complaint is not understood to name Wexford Health as a defendant. Wexford Health was not listed in the caption of the amended complaint and it appears that Wexford Health is mentioned for the purpose of identifying Dr. Talbot's employer. There is no misconduct alleged against this company. The **clerk is directed** to terminate Wexford of Indiana, LLC, as a defendant on the docket.

### IV. Service of Process

The **clerk is directed** to update the docket to reflect the defendants' names as presented in the Amended Complaint, dkt [15], and consistent with the caption of this Entry.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to the defendants in the manner specified by Rule 4(d). Process shall consist of the amended complaint filed on

3

March 20, 2020, dkt [15], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry. Defendant Dr. Talbot shall be served by U.S. Mail.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

Defendants Paul Talbot is identified as an employee of Wexford of Indiana, LLC. A copy of this Entry and the process documents shall also be served on Wexford electronically. Wexford is **ORDERED** to provide the full name and last known home address of any defendant who does not waive service if they have such information. This information may be provided to the Court informally or may be filed ex parte.

**SO ORDERED.**

Date: 9/15/2020

                                                                       James Patrick Hanlon
                                                                        United States District Judge
                                                                        Southern District of Indiana

Distribution:

HOWARD SMALLWOOD
900079
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronic service to Indiana Department of Correction employees:

    Lt. Don Williams
    Sgt. Boyd Lunsford
    Lt. Cory Conlon
    Correctional Officer Robert Daugherty
    Correctional Officer Erick Hammond

    (All at Pendleton Correctional Facility)

Electronic service to Wexford of Indiana, LLC

Dr. Paul Talbot
Pendleton Correctional Facility
4490 W. Reformatory Road
Pendleton, IN  46064