UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HOWARD SMALLWOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-00404-JPH-DML |
| ) | |
| DON WILLIAMS, Lt. ) | |
| BOYD LUNSFORD, Sgt. ) | |
| CORY CONLON, Lt. ) | |
| ERICK HAMMOND, ) | |
| ROBERT DAUGHERTY, ) | |
| PAUL TALBOT, Dr. ) | |
| ) | |
| Defendants. ) | |

**Entry Screening Amended Complaint and Directing Further Proceedings**

Plaintiff Howard Smallwood, an inmate at Pendleton Correctional Facility, filed this civil action on January 30, 2020. Dkt. 1. He alleges that his Eighth and Fourteenth Amendment rights were violated in October of 2017. Now before the Court is his second amended complaint filed October 15, 2020. Dkt. 31.

**I. Screening Standard**

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his second amended complaint. Pursuant to § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Second Amended Complaint

Mr. Smallwood alleges that on October 22, 2017, he was found unresponsive in J cell house. He was incorrectly assumed to have ingested drugs. He names five individual correctional officers and Dr. Talbot as defendants. Mr. Smallwood alleges that the defendants denied him the right to refuse medical care when he was physically forced to submit to a blood draw on October 22, 2017, at a hospital. The force used to gain Mr. Smallwood's compliance was allegedly excessive. Later that same day, after he was returned to the prison, Mr. Smallwood alleges that the defendant correctional officers sexually assaulted him. Dkt. 15 at p. 3. On October 23, 2017, Dr. Talbot allegedly failed to treat the pain caused by the defendant correctional officers the prior day.

Wexford of Indiana, LLC, ("Wexford") allegedly has a policy or practice of failing to provide proper treatment for inmates' serious medical needs. Specifically, Wexford allegedly denies certain medications, surgical and medical procedures that are "monetarily high end in unspoken and unwritten rules." Dkt. 31 at p. 3. In addition, Wexford allegedly has a policy or practice of failing to retain and train qualified medical staff to provide patient care. *Id.*

## III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, the following claims shall proceed in this action:

- Due process claims against each defendant for denying the plaintiff the right to refuse medical treatment.

- Eighth Amendment claims against Lt. Williams, Sgt. Lunsford, Lt. Conlon, Officer Hammond, and Officer Daugherty based on allegations of use of excessive force before and during the blood draw, and allegations of sexual assault.

- Eighth Amendment medical claims against Dr. Talbot and Wexford for alleged failure to adequately treat the plaintiff's injuries. Wexford's violation is based on the theory that Wexford has a policy or practice of providing constitutionally inadequate medical care.

This summary of remaining claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the Complaint, but not identified by the Court, he shall have **through December 30, 2020,** in which to identify those claims.

### IV. Service of Process

The **clerk is directed** to update the docket to reflect that Wexford of Indiana, LLC, is now a defendant in this action.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to Wexford in the manner specified by Rule 4(d). Process shall consist of the second amended complaint filed on October 15, 2020, dkt [31], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The **clerk is directed** to serve Wexford of Indiana, LLC, electronically.

**SO ORDERED.**

Date: 12/1/2020

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

3

Distribution:

HOWARD SMALLWOOD
900079
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronic service to Wexford of Indiana, LLC

All Electronically Registered Counsel